**Not For Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CRAIG HATCHER, | : |
| Petitioner, | : Civil Action No. 16-3413 (ES) |
| v. | : MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**SALAS, DISTRICT JUDGE**

IT APPEARING THAT:

1. On or about June 8, 2016, Petitioner Craig Hatcher ("Petitioner"), through counsel, filed a Motion to Vacate his Sentence Pursuant to 28 U.S.C. § 2255. (D.E. No. 1, Petition ("Pet.")). In his Motion, Petitioner raises a single claim: that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act as the clause was unconstitutionally vague, rendered the nearly identical residual clause of the Career Offender Guideline of the United States Sentencing Guidelines similarly void for vagueness. (*Id.*). Petitioner in turn contends that his sentence, which was enhanced pursuant to United States Sentencing Guidelines § 2K2.1 based on the residual clause of the Career Offender Guideline, is improper because it is based on an allegedly void provision of the Guidelines. (*Id.*).

2. In his Motion, Petitioner essentially asserts that residual clause of the Career Offender Guideline, U.S.S.G. § 4B1.2(a), was rendered void for vagueness by *Johnson* and that Petitioner's prior felony convictions no longer serve as predicate offenses sufficient to support the enhanced sentence he received under Guidelines § 2K2.1, which adopts the Career Offender Guideline's

definition of a crime of violence.  The inherent flaw in that argument, however, is that the Supreme Court ruled in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and . . . § 4B1.2(a)'s residual clause is not void for vagueness."[1]  As the residual clause of the Career Offender Guideline has not been rendered void for vagueness by *Johnson*, Petitioner's assertion that his prior felonies no longer qualify him for a sentencing enhancement is without merit, and his *Johnson*/*Beckles* claim must be denied as such.  *Id.*; *see also Pearson v. Warden Canaan U.S.P.*, No. 15-1488, 2017 WL 1363873, at *2 (3d Cir. Apr. 7, 2017).  As Petitioner is clearly not entitled to relief under *Beckles*, Petitioner's Motion to Vacate Sentence is denied.

3.  Because this Court is denying Plaintiff's sole § 2255 claim on the merits, the Court must determine whether the issuance of a certificate of appealability is warranted.  Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a proceeding under § 2255 unless the petitioner has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason would not disagree with this Court's conclusion that Petitioner's motion is without merit in light of the Supreme Court's ruling in *Beckles*, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and his claims do not deserve encouragement to proceed further.  Petitioner shall therefore be denied a certificate of appealability.

---

[1] Respondent filed an Answer raising this argument (D.E. No. 4), and Petitioner responded stating that Petitioner takes no position with regard to the application of *Beckles* to his Motion (D.E. No. 5).

4. In conclusion, Petitioner's motion is DENIED and Petitioner is DENIED a certificate of appealability. An appropriate Order follows this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J**